UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 1:19-bk-46381 (NHL) |
| MATTHEW C. MAHER, | Chapter 7 |
| Debtor | |

### DECLARATION OF AUSTIN C. SMITH

I, Austin C. Smith, represent Matthew Maher in this matter:

1. I submit this declaration in support of Debtor's Ex Parte Request for Temporary Restraining Order the above-entitled matter.

2. In September 2020, Mr. Maher contacted me regarding his student debt burden which totaled $199,656 on the petition he filed in this Court in October 2019 (the "Navient Student Debts").

3. Navient had been attempted to collect on all of the Student Debts, including attempts to compromise and settle the balance at a discount. See Exhibit 1.

4. I then identified Mr. Maher as a putative member of the action style Homaidan et al v. Navient Solutions, LLC et al, 1:17-ap-01085 (Bankr. E.D. N.Y.) (hereinafter "Homaidan") pending in this Court before the Honorable Elizabeth S. Stong. My co-counsel George Carpinello and I then filed a motion to supplement to the record of evidence on the motion for a preliminary injunction and class certification now pending before Judge Stong in Homaidan, at Dkt. 276-277.

1

5.  The Motion to Supplement included sworn testimony from Mr. Maher and the hearing on that Motion is now scheduled for December 2020.

6.  Despite the filing of that Motion to Supplement with Mr. Maher's sworn statement, Navient has refused to stop its conduct.

7.  In addition to violating the discharge order entered by this Court and section 524 of Title 11, Navient's actions also violate the New York City Administrative Code § 5-76-77 ("NYC Code").

8.  Under the New York City Administrative Code § 5-77(b)(iv), it is an unconscionable and deceptive trade practice for a debt collector to contact a debtor more than twice within a seven-day period.

9.  Pursuant to the sworn statement of Matthew Maher, Navient has made six calls to Mr. Maher within the past 48 hours seeking to Collect on the Navient Student Debts.

**Navient's Conduct Merits Emergency Relief**

10. After being discharged by this Court, Navient informed Mr. Maher that his "loans were not eligible to be discharged through your bankruptcy." See Exhibit A to Dec. of Maher.[1]

11. Navient has cynically argued this is what the Supreme Court said in *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004) ("Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt.").

---

[1] Furthermore, the very act of filing this motion places Mr. Maher within Navient's counter-class of debtors who Navient claims defrauded them. See Homaidan, Dkt. 229-2 at 29 ("certain of the purported Class Members have made similarly false certifications in the obtainment of Tuition Answer Loans or other direct-to-consumer loans, and such false certifications constitute false pretenses, a false representation, or actual fraud under 11 U.S.C. § 523(a)(2)(A) . . . such Class Members caused to be made with intent to deceive, thereby excepting such Tuition Answer Loans from discharge under 11 U.S.C. § 523(a)(2)(B).")

12. However, as recently stated by the Fifth and Tenth Circuits, the Supreme Court's statement was never intended literally. *See, e.g., McDaniel v. Navient Solutions LLC*, 973 F.3d 1083, 1100 (10th Cir. 2020).

13. The Second Circuit too has recognized the fallacy of such a puerile interpretation and has held that telling debtors their student loans were "not eligible for discharge" is not only "fundamentally misleading" but it is also "literally false" and is a violation of federal consumer protection law. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 235 (2d Cir. 2012).

14. It is "literally false" in several ways; most obviously because the term "student loan" is not a recognized legal category under section 523(a)(8). *Mader v. Experian Info. Sols., LLC*, No. 19 CIV. 3787 (LGS), 2020 WL 264396, at *1 (S.D.N.Y. Jan. 17, 2020) ("[S]ome student loans are eligible for discharge. The Discharge Order, federal bankruptcy law, bankruptcy and appellate courts across the country, media outlets, Sallie Mae and Navient all acknowledge this fact."). "[T]he most important point is that not all student loans are excepted from discharge . . . [u]nless an educational debt falls within one of these classifications enumerated in § 523(a)(8), it is dischargeable through the normal bankruptcy process." *McDaniel v. Navient Solutions LLC*, 973 F.3d 1083, 1100 (10th Cir. 2020) (citing Jason Iuliano*, Meaning of Educational Benefit,* 93 AM. BANKR. L.J. 277, 281–82 (2019).

15. And while it is the debtor's burden to prove undue hardship, it is the creditor's burden to prove the debt fits within section 523(a)(8) in the first instance. *See In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000). This is true whether or not the parties agree, and whether or not anyone even knows: any dischargeable debt is discharged upon entry of the court's order. *See In re Haroon*, 313 B.R. 686, 689 (Bankr. E.D. Va. 2004) ("The failure to seek a dischargeability

determination does not alter the fact that the [student] debt is or is not discharged upon entry of the discharge order. It merely avoids a judicial declaration of that fact at that time.).[2]

16.     Thus, unless and until Navient comes forward with evidence demonstrating that the Navient Student Debts are non-dischargeable, they are presumed discharged along with all Maher's other unsecured consumer debts.

17.     Navient, however, insists that until a debtor files an adversary proceeding, nothing called a "student debt" can be discharged. "To Navient, the only way Jimenez could discharge the debt is through an undue hardship determination . . .[s]ince the Court never declared these debts an undue hardship, the discharge injunction does not apply to those debts." *Jimenez v. Navient Solutions LLC*, No. 10-80693, 2017 WL 5592260, at *3–4 (Bankr. S.D. Tex. Nov. 20, 2017).[3]

18.     But Navient's position has now been revealed as a shockingly cynical trap.

19.     Because the moment a debtor like Maher files such an adversary proceeding, Navient will allege that Maher has committed fraud by attempting to discharge what he

---

[2] The District of Connecticut succinctly explained why this must be so by analyzing the problem as it would exist in post-discharge litigation in state court. "[S]ince a student loan creditor as a plaintiff in a state court action would have the burden of proving that the debt was viable, it is not unfair to impose the same burden upon the creditor in bankruptcy court." *In re Keenan*, 53 B.R. 913, 916 (Bankr. D. Conn. 1985). *In re Keenan*, 53 B.R. 913, 916 (Bankr. D. Conn. 1985) ("debtor is discharged subject to an exception, and one who would bring himself within the exception must offer evidence to do so.") (quoting *Hill v. Smith,* 260 U.S. 592, 595, 43 S.Ct. 219, 220, 67 L.Ed. 419 (1923) (Holmes, J.).

[3] Navient or one of its subsidiaries has been told this is untrue since at least 1989: "USA's suggestion that every debtor with a student loan be required to file a dischargeability complaint . . .seems a needless waste of the Court's time and of debtors' time and money. Congress intended Section 523(a)(8)(A) to be self-executing. Only if a question exists as to its application do the parties need to involve the Court . . .Griffin's Student Loan was effectively discharged under the provisions of Section 523(a)(8)(A), and that the actions of the USA violated the permanent injunction imposed upon all creditors under Section 524(a). Griffin is awarded judgment and damages." *In re Griffin*, 108 B.R. 717, 720–21 (Bankr. W.D. Mo. 1989).

acknowledged was non-dischargeable in the promissory note. Attached as Exhibit 2 is a copy of one of Maher's promissory notes, which states on page 8 of the note:

> I certify that this loan is a qualified education loan as described in Section 221(d)(1) of the Internal Revenue Code of 1986, 26 U.S.C. §221 (d)(1), and that therefore this loan is not dischargeable in bankruptcy except pursuant to 11 U.S.C. §523 (a)(8).

20. Such a statement is obviously unenforceable under section 524(c), and is otherwise void against public policy. *In re Huang,* 275 F.3d 1173, 1177 (9th Cir. 2002) ("It is against public policy for a debtor to waive the prepetition protection of the Bankruptcy Code. This prohibition of prepetition waiver has to be the law; otherwise, astute creditors would routinely require their debtors to waive.").[4]

*21.* But more importantly, Navient knows that most bankrupts *do not know that.*

22. Navient has thus immunized itself from the bankruptcy laws of the United States: if the debtor seeks to discharge the student debt under 523(a)(8), then the debtor has conceded to fraud under 523(a)(2). Heads Navient wins—tails the debtor loses.

23. And this is not wild speculation or some horrible hypothetical—those are the exact words Navient used in this Court when threatening millions of destitute persons with the consequences of defying Navient--a corporation that is most often acting simultaneously as an agent of the federal government and a debt collector for private investors who are seeking to collect discharged private debt from the same destitute person that also owes *bona fide* non-dischargeable educational debt to the US Treasury.

---

[4] *See also Fallick v. Kehr*, 369 F.2d 899, 904 (2d Cir. 1966) ("[W]e have no doubt that the Bankruptcy Act expresses a strong legislative desire that deserving debtors be allowed to get a fresh start. We agree, as the dissent points out, that an advance agreement to waive the benefits of the Act would be void."). Every circuit to have examined this issue has agreed. *See In re McCoy*, 2016 WL 4268702, at *19-20 (Bankr. E.D. Va. Aug. 11, 2016) (collecting cases).

24. But according to Navient, it has "the right and maybe even the obligation" to assert a counterclaim for fraud under section 523(a)(2) against any debtor who signed such a promissory note and later tries to argue the debt is not made non-dischargeable under section 523(a)(8). Navient elaborated on what it euphemistically refers to as its "alternate theory" and assured all debtors who remained silent that they were in no danger of being sued for fraud:

> [F]or all of the other people who are out there in the world who could potentially fall into this class definition [debtors whose student loans do not fall within section 523(a)(8)] . . .we would have no reason to go file an adversary against them to raise our alternative theory that they got the loan through false pretenses. We'd have no reason to do that.
>
> The only reason we would have to do that is if [they] sue us on their theory, and then we say, as an affirmative defense and/or a counterclaim, well, if you're right . . .then we have this alternative ground. Homaidan v. Navient Solutions, LLC et. al, 17-01085-ESS, ECF 246 at 57 (Bankr. E.D.N.Y May 7, 2020) (attached as Exhibit 3).

25. As one bankruptcy court responded to a similar argument of Navient's: "That statement is preposterous." *Jimenez v. Navient Solutions LLC*, No. 10-80693, 2017 WL 5592260, at *3–4 (Bankr. S.D. Tex. Nov. 20, 2017).[5]

**The Debtor's Student Loans Were Discharged**

26. The Navient Student Debts were discharged because they are not "qualified education loans, as defined in section 221(d)(1) of the Internal Revenue Code of 1986 and therefore have no protection under section 523(a)(8) and are discharged upon entry of the bankruptcy

---

[5]Of course, Navient wants to have this both ways. Navient publicly acknowledges debts like Maher's are dischargeable, *see In re McDaniel,* 590 B.R. 537, 542 (Bankr. D. Colo. 2018)("Navient disclosed to its potential (sophisticated) investors in student loan asset-backed securities prospectuses that 'pursuant to section 523(a)(8), only private loans made for qualified expenses were excepted from discharge.'"). But when confronted with such admissions, Navient casually states that it does not matter what anybody else thinks or says about the legal character of a student loan because "the law is the law and it's for a court to tell us what it means." Crocker v. Navient Solutions, 16-03175, Dkt 197 at 26 (Bankr. S.D. Tex March 8, 2018) (attached as Ex. 4).

discharge in this case." *Haas v. Discover Student Loans*, No. 14-22857, 2020 WL 5793151, at *1 (Bankr. S.D.N.Y. Sept. 14, 2020).

27. The Navient Student Debts are most likely nothing more than unsecured consumer credit disguised as educational loans under section 523(a)(8). *In re Jorge Ricardo Macias Coto & Ruth Janice Gimenez Ortiz,* No. 6:10-BK-10520-KSJ, 2020 WL 5758999, at *2 (Bankr. M.D. Fla. Jan. 9, 2020) ("The Personal Loans are not federal or non-profit loans, funds received as an educational benefit, or qualified education loans made by a private lender. The Creditors cannot classify the Personal Loans as nondischargeable debts by simply labeling them as "undergraduate loans" on the credit agreements.").

28. I therefore respectfully ask that this Court enter the order attached *ex parte* pursuant Fed R. Bank. Pro 7065(b).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated this October 20, 2020

 */s Austin C. Smith*_____

8