```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  EASTERN DISTRICT OF NEW YORK
 4  - - - - - - - - - - - - - - - - - - - - -x
 5  In the Matter of:
 6  HILAL KHALIL HOMAIDAN,                    Lead Case No.
 7        Debtor.                             08-48275-ess
 8  - - - - - - - - - - - - - - - - - - - - -x
 9  HOMAIDAN, et al.,
10        Plaintiffs,                         Adv. Proc. No.
11  v.                                        17-01085-ess
12  SALLIE MAE, INC., et al.,
13        Defendants.
14  - - - - - - - - - - - - - - - - - - - - -x
15
16             United States Bankruptcy Court
17             271-C Cadman Plaza East
18             Brooklyn, New York
19
20             May 7, 2020
21
22  B E F O R E:
23  HON. ELIZABETH S. STONG
24  U.S. BANKRUPTCY JUDGE
25
```

sued by at least the named class representatives over dischargeability on their particular loans, them having joined the issue with us and us having answered, to the extent that we now want to, in addition to arguing that these are nondischargeability as student loans, to argue that they're nondischargeable on other grounds, including fraud and false pretenses, et cetera, we've now got to bring that action here as a counterclaim --

THE COURT: That --

MR. FARRELL: -- to their claim or as --

THE COURT: That's not what --

MR. FARRELL: -- a determinative defense.

THE COURT: I have to say that's not clear to me because I think they're completely separate. You only have a 523 action in respect of a discharged debt. But you make a good point, and it's something to think about. I think in one of the arguments, or at least at some point in the journey of this case, the question was addressed, at least in part, but maybe that's just been in the context of so many other Section 523 actions that this court sees here. But back to you.

MR. FARRELL: And the reason I say they're linked like that, Your Honor, because if you go back to the beginning, somebody gets a discharge and they have student debts, at least as we appreciate the law, while the burden of ultimate proof on whether there are student loans that are dischargeable or

1  nondischargeable may be on the creditor, the burden to go
2  forward and to raise the issue is on the debtor.
3           The debtor, if they want to get a student loan that is
4  otherwise presumptively discharged, I mean, nondischargeable,
5  if they want to get it discharged, they've got to file the
6  adversary.  And so for all of the other people who are out
7  there in the world who could potentially fall into this class
8  definition who have not yet done that, we would have no reason
9  to go file an adversary against them to raise our alternative
10 theory that they got the loan through false pretenses.  We'd
11 have no reason to do that.
12          The only reason we would have to do that is if, as
13 here, these class representatives sue us on their theory, and
14 then we say, as an affirmative defense and/or a counterclaim,
15 well, if you're right, and we don't think you are -- if you're
16 right then we have this alternative ground.  If this case has
17 been certified as a class action, we're in the position to --
18 we would have the right and maybe even the obligation in this
19 case, if we were going to assert that alternative ground, to do
20 it here.  And that is yet another of the individualized
21 questions.
22          If you get beyond that, then we get to the issue of,
23 okay, do they get disgorgement?  If so, how much.  The
24 individualized questions there abound, in part, because there
25 are going to be questions about whether any payments made, even