**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>MATTHEW C. MAHER,<br><br>    Debtor | Case No. 1:19-bk-46381 (NHL)<br>Chapter 7 |

## DECLARATION OF MATTHEW MAHER

I, Matthew C. Maher, declare under penalties of perjury as follows:

1. I submit this declaration in support of Debtor's Ex Parte Request for Temporary Restraining Order the above-entitled matter.

2. I have never made an application for similar relief in the above-entitled matter.

3. In 2006, I attended Brooklyn College for a semester and in 2007 and 2008 I attended the New School. While attending those schools I received private loans from Navient's predecessor in the amount of $131,687. This included two Tuition Answer Loans totaling $53,125 and six signature loans totaling $78,562.

4. In October of 2019, I filed a petition in bankruptcy in the Bankruptcy Court for the Eastern District of New York, Bankruptcy, Hon. Judge Nancy H. Lord presiding. I received my discharge in January 2020.

5. Soon after my discharge, Navient began calling me, sometimes three to five times a day, asking me to make payment on these private loans. I also began receiving statements indicating that these loans were past due.

6. I contacted Navient after my discharge to advise them that these loans have been discharged in bankruptcy and I received the attached letter in which Navient advised me that my private student loans were not discharged in bankruptcy. See Exhibit A hereto. Also attached as Exhibit B is a recent statement showing all my private loans still due and owing.

7. The calls have continued unabated for several months. I have blocked approximately thirty (30) separate telephone numbers through which Navient has attempted to contact me. Recently on, October 6, 2020, I received five phone calls between 8:00 a.m. and 11:00 a.m.

8. Navient has also begun calling other individuals to embarrass me and induce me to make payment on these loans. On September 28, 2020, they contacted my brother and urged him to get in touch with me, to ask me to call Navient about my student loans.

9. On October 5, 2020, Navient contacted a family friend whom I had used as a reference when I obtained one or more of the loans and told her, falsely, that they do not have a good telephone number for me and, therefore, they contacted her to urge me to contact Navient.

10. On or about October 9, 2020, they contacted my other brother and on or about October 9, 2020, they contacted members of my other brother's wife's family about the debt, all in an effort to embarrass me and to coerce me to make payments on my loans.

11. On October 13, 2020, Navient contacted a friend and former roommate and asked her to contact me to call Navient.

12. Attached as Exhibit C is an email, I received on October 6, 2020, from Navient urgently asking me to contact Navient because "we are coming up on a deadline."

13. Attached as Exhibit D is an email that I received on October 13, 2020, urging me to contact Navient about repaying my student loans.

14. I am a self-employed media and marketing consultant for Broadway theatre shows. Since Broadway's closure on March 13, 2020 due to the COVID-19 crisis, I have been out of work, only able to do a few projects on a sporadic basis. I am currently receiving unemployment payments.

15. In October 2020, I learned of the following proceeding in the Bankruptcy Court for the Eastern District of New York, Homaidan et al v. Sallie Mae, Inc. et al (1:17-ap-01085), through my bankruptcy attorney who put me in touch with Austin Smith who is one of the attorneys representing the plaintiffs in the proposed class in that above-entitled matter.

16. I believe I am a member of that class because I believe that I have private loans from Navient that exceed the cost of attendance at the colleges I attended.

17. I filed a declaration on October 14, 2020 in Homaidan et al v. Sallie Mae, Inc. et al. to demonstrate that Navient has not ceased its harassing attempts in support of Mr. Homaidan's motion for a preliminary injunction on behalf of putative class members like me.

18. Since October 14, 2020 when the declaration was filed in Homaidan et al v. Sallie Mae, Inc. et al., Navient has continued calling me demanding payment, including three times on the morning of October 19, 2020 at 8:57am, 8:58am, and 10:37am, and three more times on the morning of October 20, 2020.

19. In addition, on the morning of October 20, 2020 Navient called my former bankruptcy lawyer Richard Bag in an attempt to persuade him to conference call me with them on the line.

20. Mr. Bag explained that I had not been able to find work because of the pandemic in a decimated industry.

21. Navient's harassing collection attempts have cause mental distress and significant social embarrassment as intended by Navient.

22. I am submitting this declaration to demonstrate that Navient has not ceased its harassing attempts to collect on these private loans despite the fact that I have declared bankruptcy, have received a discharge, have repeatedly asked Navient to stop because the debts or some portion of them were discharged, and have submitted sworn testimony regarding my experience as a putative member of Homaidan et al v. Sallie Mae, Inc. et al.

23. I am not in a position to make payment and am using whatever funds they obtain though unemployment to buy food and pay for shelter.

24. Further, I am submitted this declaration to demonstrate that Navient's harassing collection attempts are cause me unnecessary and irreparable mental and social harm.

25. I, therefore, ask the Court to enter a temporary restraining order enjoining Defendants from taking any steps to collect on my private student loans that Navient cannot affirmatively establish are nondischargeable under the Bankruptcy Code, pending final determination of this proceeding.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated this October 10, 2020

Respectfully submitted,

/s/
Matthew C. Maher